IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| William Fate Filyaw, | ) | |
| | ) | Civil Action No. 0:14-02891-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| Investigator Brockenberry; Major C. West; | ) | |
| Associate Warden Sellers, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

      Plaintiff brought this action seeking relief pursuant to Title 42 U.S.C. §1983. This matter is before the court for review of the magistrate judge's Report and Recommendation ("Report"), (ECF No. 54), filed on February 13, 2015, recommending that Plaintiff's Complaint (ECF. No. )] be dismissed with prejudice for lack of prosecution and failure to comply with the court's orders pursuant to Federal Rule of Civil Procedure 41(b). It is also recommended that any pending motions (ECF Nos. 36 & 42) be terminated. The Report sets forth in detail the relevant facts and legal standards on these matters which the court incorporates herein without a recitation.

      The magistrate judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report

to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to file objections to the Report (ECF No. 54 at 3). However, Plaintiff filed no objections to the Report.

In the absence of objections to the magistrate judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Therefore, after a thorough and careful review of the magistrate judge's Report and Recommendation, and the record in this case, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law. The court **ACCEPTS** the Report and Recommendation (ECF No. 54). For the reasons articulated by the Magistrate Judge, it is therefore **ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED** with prejudice for lack of prosecution and failure to comply with the court's orders pursuant to Federal Rule of Civil Procedure 41(b). It is further ORDERED that Plaintiff's Motion for Temporary Restraining Order and Notice of Dorm Address

Change (ECF No. 36) and Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 42) are **MOOT**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 4, 2015
Greenville, South Carolina